GATES v. BALLOU ET AL.

1. **Injunction**: DISSOLUTION OF: PRACTICE. Where an injunction was granted restraining the enforcement of a judgment foreclosing a mechanic's lien, upon petition of one having an interest in the property who was not made a party to the foreclosure, the petition alleging payment of a considerable portion of the claim before its assignment to the present holder, it was held that the injunction was erroneously dissolved upon the filing of an answer by the holder of the judgment, denying knowledge of such payment merely.

*Appeal from Clarke District Court.*

WEDNESDAY, OCTOBER 6.

THE petition, in substance, states that E. R. Gardner was the owner of the legal or equitable title to certain real estate described in the petition, and that he executed a mortgage thereon to the plaintiff in 1874; that for the purpose of paying said mortgage debt, the said premises were afterward, in 1878, conveyed to the plaintiff.

In 1876 said Gardner contracted for lumber of one Jensen, to the amount of $147.12, and therewith erected a house on said premises. At the time of obtaining the lumber Gardner signed a contract for a mechanic's lien, which was afterward duly filed in the clerk's office. That Jensen sold and assigned said claim and lien to Barnard, and the latter to the defendant Wilson; that at the time Barnard obtained said claim, it had been all paid except about seventy-five dollars and interest thereon; that in May, 1878, Wilson commenced an action to establish said lien, and obtained a judgment for $174.71 and costs, and attorney's fees, $23.47. Said lien was duly established and foreclosed. The plaintiff, however, was not made a party to said action. That an execution had been issued on said judgment, and the sheriff was about to sell thereunder the said real estate. An injunction was asked, which was issued, and which upon the coming in of the answer, supported by affidavits, was dissolved. The plaintiff appeals.

*Jno. Chaney*, for appellant.

*McIntire Bros.*, for appellees.

SEEVERS, J.—In addition to the matters above stated, the petition alleged the mechanic's lien was barred by the statute of limitations, and there were other allegations which have not been stated because they, under the view we take of the case, are deemed immaterial on this appeal. The answer fairly and sufficiently, we think, denies all the material allegations of the petition on which the right to a continuance of the injunction depends except one, and that is that a considerable portion of the claim had been paid at the time it was assigned to Barnard.

*l. INJUNC-TION: dissolution of: practice.*

The only response to this allegation is that the defendant Wilson had no knowledge of any such payment. It is immaterial whether Wilson had such knowledge or not, as the material question was whether any portion of the claim had been paid to the original holder or Barnard. This not being denied in clear and distinct terms, the injunction should have been continued to the hearing. There is no doubt the plaintiff had the right to contest the amount due, and that, as the claim was not negotiable, the defendant Wilson took it charged with all the equities existing between the plaintiff and his assignors at the time it was assigned to him.

REVERSED.